IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE V. HAHN and COLDSTREAM ADVENTURES UNLIMITED, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF PARKS AND RECREATION, PAM ARMAS, SIERRA DISTRICT SUPERINTENDENT, DONALD K. SCHMIDT, TARA LYNCH, DEAN OERTLE, MARK MCGOVERN, STEVE MICHAELS, MARK ROMINGER, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants.<br>_____/ | Case No. 2:09-cv-01479-JAM-GGH<br><br><u>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS</u> |

　　　This matter is before the Court on Defendants California Department of Parks and Recreation ("the State" or "Parks"), Pam Armas, Donald K Schmidt, Tara Lunch, Dean Oertle, Steve Michaels and Mark Rominger's (collectively "Parks Employees") motions to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and to strike the First Amended Complaint ("FAC")

1

pursuant to California Code of Civil Procedure Section 425.16. Doc. # 7.  Plaintiffs Lawrence Hahn and Coldstream Adventures Unlimited, Inc. (collectively "Hahn") oppose the motions.  Doc. # 8.  For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Hahn asserts that since August 1994 he has owned estates in real property, all within Placer County, consisting of approximately a 59-acre parcel of land located at 8975 Coldstream Road, as well as two recorded easements across parcels.  Pl's FAC, Doc. # 6 ("FAC"), ¶ 48.  Hahn alleges the easements entitle him to access areas within both Coldstream Canyon and Emigrant Canyon, via portions of Coldstream Road, for any lawful purpose, including, but not limited to commercial activities.  FAC ¶ 48.  Hahn asserts he has operated a snowmobile tour business, as well as other commercial activities on and around his property.  FAC ¶ 46.  In 1996, Defendants installed a gate on Coldstream Road, at the entrance of Donner Memorial State Park ("DMSP").  FAC ¶ 53.  In 1997, Defendants began periodically locking the gate on Coldstream Road, which, in turn, obstructed the general public's use of the road.  FAC ¶ 55.

Plaintiff's First Amended Complaint alleges fourteen claims for relief: (1) Violation of the Fourth Amendment under 42 U.S.C. § 1983; (2) Violation of the First Amendment under 42 U.S.C. § 1983; (3) Violation of Civil/Liberty Rights, Due Process Violations under 42 U.S.C. § 1983; (4) Violation of Civil/Property Rights, Due Process Violations under 42 U.S.C. §

1983; (5) Equal Protection Violations under 42 U.S.C. § 1983; (6) Inverse Condemnation under California Constitution Article 1, Section 19; (7) Continuing Breach of Contract; (8) Continuing Public Nuisance; (9) Continuing Private Nuisance; (10) Malicious Prosecution; (11) Abuse of Process; (12) Defamation of Character/Slander Per Se; (13) Declaratory Relief; and (14) Injunctive Relief.

On September 9, 2009, a hearing was held in this Court on the motion to dismiss. In Hahn's Opposition Brief and at the hearing, Hahn conceded that the Ninth through Twelfth claims for relief (for malicious prosecution, defamation of character/slander per se, abuse of process, and private nuisance) in the FAC should be dismissed on the basis that the State and Parks Employees are absolutely immune from suit pursuant to Government Code Sections 821.6 and 815.2. See Pl's Opp., Doc. # 8, 8-9. As such, this Court dismissed claims Nine through Twelve of Plaintiff's FAC with prejudice at the September 9, 2009 hearing. The remaining claims were taken under submission and are the subject of this written order. Further, the Court stated at the hearing that it will focus on the merits of the motion to dismiss rather than the motion to strike. As discussed below, the Court need not rule on the motion to strike at this time.

II. OPINION

A. Legal Standard

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of

every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. <u>See</u> <u>id.</u>

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Calif.</u>, <u>Inc. v. Calif. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>,    U.S.   , 129 S. Ct. 1937, 173 L. Ed. 2d 868, 2009 U.S. LEXIS 3472, at *29 (May, 18, 2009)(citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>,    U.S.   , 129 S. Ct. 1937, 173 L. Ed. 2d 868, 2009 U.S. LEXIS 3472, at *29 (May, 18, 2009)(citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. <u>Id.</u> When there are well-pleaded factual allegations, "a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

B. Eleventh Amendment

Defendants move the Court to dismiss this action in its entirety based upon Eleventh Amendment immunity. Pls' Mot., Doc. # 7. Defendants argue the Eleventh Amendment bars takings claims and 42 U.S.C. § 1983 claims against a state and thus, Parks, a state agency, is protected from suit under the Eleventh Amendment. Pls' Mot. at 6-7. In addition Defendants argue Parks Employees are sued in their official capacities and thus the Eleventh Amendment bars takings claims and § 1983 claims against them as well. Id. at 7. Plaintiff contends that Parks and Parks Employees are not immune from suit under the Eleventh Amendment "because the State of California is not immune under California law for uncompensated takings of private property." Defs' Opp., Doc. # 8, at 2.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." Seven Up Pete Venture v. Schweitzer, 523 F.3d 948, 956 (9th Cir. 2009), citing Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). The Eleventh Amendment bars a suit in which a state agency, such as Parks, is named as a defendant regardless of the relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment applies to suits seeking injunctive relief against the State or its agency as well as to suits for damages. Id. at 101-102. Eleventh Amendment immunity also generally applies to officials of the State sued in their official

capacity because "a suit [brought] against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Here, Hahn has sued Parks for damages, declaratory and injunctive relief. Hahn admits in his FAC that he sues Parks as an agency of the state. FAC ¶ 5. As a state agency, Parks is protected by the Eleventh Amendment and cannot be sued in federal court for any of the claims for relief sought in Hahn's FAC. Further, Hahn sues the Parks Employees in their official capacities. His claims against Parks Employees as currently pled are either for damages, or for violations of various state laws. These claims are therefore barred by the Eleventh Amendment.

Plaintiffs' argument that under California law the State and Parks Employees are not immune from suit for an uncompensated taking of private property is unpersuasive. The Ninth Circuit has held that the Eleventh Amendment bars takings claims brought in federal court. Seven Up Pete Venture v. Schweitzer, 523 F.3d 948, 956 (9th Cir. 2009). In addition, the Ninth Circuit specifically held in Seven Up Pete Venture that the Eleventh Amendment barred reverse condemnation actions brought in federal court against state officials in their official capacities. Id. Even if Hahn can pursue an inverse condemnation claim under California Constitution Article 1, Section 19 in state court, Hahn cannot proceed on such a claim in this Court. It has been consistently held that "a State's

waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in federal courts.  See, e.g., Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn., 450 U.S. 147, 150 (1981).

Plaintiffs also rely on Hafer v. Melo, 502 U.S. 21 (1991) in support of their argument against the motion to dismiss based on Eleventh Amendment immunity.  However, as the court in Hafer explains, naming a government official individually in a lawsuit is not sufficient to convert an action against the state entity into one against the official in a personal capacity.  The distinction is "more than just a pleading device.  Id. at 27, citing, Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them.  Id.  By contrast, officers sued in their personal capacity come to court as individuals.  Id.  Hahns' FAC names each Park Employee in his/her official capacity.  FAC ¶¶ 8-13.  Therefore, Hahn's reliance on Hafer is misplaced because Hahn has not properly alleged claims against the Park Employees in their individual capacities.

Accordingly, the State's motion to dismiss all claims in the FAC on the ground of Eleventh Amendment immunity is GRANTED WITH PREJUDICE.  Likewise, the Park Employees' motion to dismiss all claims in the FAC as presently alleged against them in their official capacities, on the basis of Eleventh Amendment immunity is GRANTED WITHOUT PREJUDICE.  Hahn is given leave to attempt to

amend his complaint to properly allege Section 1983 claims against Park Employees in their individual capacities.

C. <u>Statute of Limitations</u>

In addition to being barred by the Eleventh Amendment, Hahn's claims based on federal law as currently pled are also barred by the statute of limitations.  The statute of limitations for all actions brought under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985).  In California, the statute of limitations for personal injury actions is two years.  Cal. Code Civ. Proc. § 335.1.  Hahn does not dispute that the applicable statute of limitations for his 42 U.S.C. § 1993 claims is two years.  Most of Hahn's claims are based on actions that occurred before June 11, 2007, more than two years before the filing of this suit.  However, Hahn argues that Parks should be equitably estopped from asserting the statute of limitations to these claims.

In order to establish esoppel, also referred to as "fraudulent concealment," the plaintiff must demonstrate that he relies on the defendant's misconduct in failing to file in a timely manner and must plead with particularity the facts which give rise to the claim of fraudulent concealment." <u>Guerrero v. Gates</u>, 442 F.3d 697, 706-707 (9th Cir. 2006).  A defendant must take active steps to prevent the plaintiff from suing on time, such as by promising to not plead the statute of limitations.  <u>Santa Monica v. Pacific Bell</u>, 22 F.3d 1170, 1176 (9th Cir. 2000).

8

Federal courts have applied California law in determining equitable estoppel. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1054 (9th Cir. 2008). Under California law, a Plaintiff must allege the following four elements: (1) that a party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. Id. at 1051-1052. In evaluating these factors, the plaintiff's reliance on the other party's actions must be reasonable. Santa Monica v. Pacific Bell, 202 F.3d 1170, 1177 (9th Cir. 2000).

Here, Hahn has not established fraudulent concealment or reasonable reliance upon Park's representations. The FAC presents no such facts of culpable or unconscionable conduct on the part of Defendants. The alleged delay in Parks responding to Hahn's requests and the allegations of ongoing negotiations with representatives from Parks does not establish that Parks acted in an unconscionable manner or took unfair advantage of Hahn. Hahn had every opportunity to research the facts and file a timely suit, yet he failed to do so. As such, Hahn's claims in the first through fifth claims for relief as currently pled are barred by the statute of limitations.

### III. ORDER

For the foregoing reasons, the Court makes the following orders:

1. California Department of Parks and Recreation's motion to dismiss all claims against it on the basis of Eleventh Amendment immunity is GRANTED WITH PREJUDICE.
2. Park Employees' motion to dismiss all claims, based on Eleventh Amendment immunity and the first through fifth claims on statute of limitations grounds is GRANTED WITHOUT PREJUDICE.

Plaintiffs are ordered to file and serve their second amended complaint no later than twenty (20) days from the date of this order. Defendants are ordered to file their responses no later than twenty (20) days after service thereof.

IT IS SO ORDERED.

Dated: September 17, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE