IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE V. HAHN and COLDSTREAM ADVENTURES UNLIMITED, INC.,

    Plaintiffs,

  v.

PAM ARMAS, SIERRA DISTRICT SUPERINTENDENT, DONALD K. SCHMIDT, TARA LYNCH, DEAN OETLE, MIKE ROMINGER, and Does 1 through 100, INCLUSIVE

    Defendants.
_____/

Case No. 2:09-cv-01479-JAM-GGH

<u>ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS</u>

    This matter is before the Court on Defendants Pam Armas, Donald K. Schmidt, Tara Lynch, Dean Oertle, and Mark Rominger's (collectively "Parks Employees" or "Defendants") motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Doc. # 15).  Plaintiffs Lawrence Hahn and Coldstream Adventures Unlimited, Inc. (collectively "Hahn" or "Plaintiffs")

1

oppose the motion. (Doc. # 16).  For the reasons set for below[1], Defendants' motion is GRANTED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This Court views the facts and draws inferences in the manner most favorable to Plaintiffs as the non-moving party. Since August 1994, Plaintiff Hahn asserts he owned estates in real property, all within Placer County, consisting of approximately a 59-acre parcel of land located at 8975 Coldstream Road, as well as two recorded easements across parcels, which Hahn alleges entitle him to access areas within both Coldstream Canyon and Emigrant Canyon, via portions of Coldstream Road, for any lawful purpose, including, but not limited to commercial activities.  Plaintiffs' Second Amended Complaint ("SAC") ¶ 44.  Hahn has operated a snowmobile tour business, as well as other commercial activities on and around his property.  SAC ¶¶ 42, 43.

In the present action, Defendants are sued in their individual, personal capacities while acting under color of legal authority.  SAC ¶¶ 6-12.  Plaintiffs' SAC alleges that Parks Employees detained and cited Hahn and Coldstream Adventures without probable cause for operating a business in

---

[1]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 230(g).

the state park without the proper concessionaire's license. SAC ¶ 57(b). Hahn also accuses Parks Employees of "knowingly fraudulently urging the District Attorney of Nevada County to prosecute criminal charges against Plaintiff Hahn, without probable causes to believe that Plaintiff had violated any law" and "knowingly and intentionally suppressing evidence." SAC ¶ 57(c)(d). Hahn asserts that Parks Employees' criminal investigations of his activities "were taken in response to Plaintiff Hahn's free speech and associative activities," including "plaintiffs' First Amendment free speech rights/communications with/right to communicate with clients and potential clients, as well as Plaintiff Hahn's freedom to associate for commercial purposes with the individuals of his choice." SAC ¶ 84. Hahn also alleges that Parks Employees intentionally sought to discriminate against him, humiliate him, and deplete his financial resources "by requiring that he defend himself against criminal charges brought without probable cause and maliciously by defendants." SAC ¶ 103. In addition to damages, Hahn seeks a declaration that "plaintiffs are entitled to conduct commercial activities in the aforesaid area" and an order "restraining defendants from unlawfully harassing plaintiffs in any manner." SAC, Prayer for Relief, ¶¶ E, G.

Specifically, Hahn's Second Amended Complaint alleges seven causes of action against Parks Employees for: (1) Violation of

the First Amendment, 42 U.S.C. Section 1983; (2) Violation of the Fourth Amendment, 42 U.S.C. Section 1983; (3) Violation of Procedural Due Process, 42 U.S.C. Section 1983; (4) Violation of Substantive Due Process, 42 U.S.C. Section 1983; (5) Violation of Equal Protection, 42 U.S.C. Section 1983; (6) Declaratory Relief; and (7) Injunctive Relief.

In the instant motion, Defendants seek the dismissal of the First, Third, Fourth, and Sixth claims for relief on the grounds that (1) the Third and Fourth claims for relief fail to state a claim upon which relief may be granted; (2) the Court lacks jurisdiction over the First and Sixth claims for relief; and (3) the State of California ("State") is an indispensible party.

## II.   OPINION

A.  Legal Standard

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the

defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id.  When there are well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

B. <u>Plaintiffs' Third and Fourth Claims for Violations of Procedural and Substantive Due Process</u>

Hahn's Third and Fourth claims for relief allege that Parks Employees knowingly and intentionally suppressed evidence as part of the August 3, 2007 and July 18, 2008 detentions and subsequent criminal cases against him. SAC ¶¶ 96, 104. Hahn alleges that these actions violated his right to procedural and substantive due process, causing injury. SAC ¶¶ 97, 99, 105-106.

The United States Supreme Court in <u>Brady v. Maryland</u> held that the prosecution violates a defendant's due process rights if it fails to turn over evidence that is "material either to guilt or to punishment." 373 U.S. 83, 87 (1963). In order to prevail on a <u>Brady</u> claim, a defendant must demonstrate that: (1) the evidence at issue is favorable, either because it is exculpatory or because it is impeaching; (2) such evidence was suppressed by the State, either willfully or inadvertently; and (3) prejudice resulted. <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). Nonetheless, "where the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence, the Government does not commit a <u>Brady</u> violation by not bringing the evidence to the attention of the defense." <u>Raley v. Ylst</u>, 470 F.3d 792, 804 (9th Cir. 2006). Thus, there can be no <u>Brady</u>

violation where the defendant is aware of the exculpatory evidence. Id.

Here, Hahn not only alleges that he knew about the alleged exculpatory evidence, but also that his attorneys provided the evidence to the Parks Employees. SAC ¶ 104. As such, Hahn cannot establish a violation of due process under Brady. Moreover, Hahn makes no attempt to oppose Defendants' Brady violation argument. As such, Plaintiffs have conceded that no due process violation exists for failure to disclose exculpatory evidence because Plaintiff Hahn knew about the evidence.

Additionally, Hahn argues that Parks Employees participated in a conspiracy to single him out, prosecute him without probable cause, and made false accusations against him in violation of his due process rights. Opp. Brief at p. 2-3. Hahn's allegations of conspiracy, however, are conclusory and are not supported by specific material facts. Hahn merely alleges in conclusory fashion that all of the named Defendants "agreed to participate in a conspiracy." SAC ¶ 56, line 9. Such conclusory allegations are insufficient to establish conspiracy. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).

Furthermore, the Fourth Amendment principles, rather than those of due process, govern this case. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002). The Fourth

Amendment addresses "pretrial deprivations of liberty," Albright v. Oliver, 510 U.S. 266, 274 (1994), also at issue here, so "[the Fourth] Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Id. at 273 (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). Hahn appears to concede the Third and Fourth claims for relief should not be brought as a due process violation. In Hahn's Opposition Brief he states that "a claim for malicious prosecution, under Section 1983, better suits the factual allegations set for in the SAC than do the existing Third and Fourth Claims, which allege violations of procedural due process and substantive due process, respectively." Pls' Opp. at 2, line 13-15, p. 12 lines 16-19. Accordingly, this Court finds that Plaintiffs' allegations in their Third and Fourth claims do not support claims under due process. As such, Defendants' motion to dismiss Plaintiffs' Third and Fourth claims for procedural and substantive due process violations is GRANTED with prejudice.

C.  Plaintiffs' First and Sixth Claims for Violation of the First Amendment and Declaratory Relief

The underlying issue in both the First and Sixth claims for relief is the extent of Hahn's easement rights in relationship to the State of California's property rights. The First Claim for violation of the First Amendment would require the Court to

delve into the scope of Hahn's easement rights under state law. "[P]roposals to engage in commercial transactions are not accorded First Amendment protection [where] the underlying transaction is illegal." Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1312-1313 (9th Cir. 1997). Thus, as a threshold question to resolve the First claim, this Court would be required to adjudicate whether Hahn had a property right to lawfully conduct business in light of the easement and title dispute. Similarly, Plaintiffs' Sixth Claim for declaratory relief asks the Court to make a judicial determination of Hahn's property rights. To do so, the Court would first need to decide the State's property rights.

Hahn is in reality asking the Court to adjudicate a property dispute between Hahn and the State of California. Hahn concedes in his Opposition Brief that the allegations concerning the easement and quiet title dispute should be deleted from his complaint. Pls' Opp. at 8, lines 7-8. As explained in Parks Employees' opening brief, any adjudication of Hahn's property rights in relationship to the State would by necessity implicate the State's property rights. Defs' Mot. at 8-14. Because the State has a protectable property interest affected by the First and Sixth claims for relief, it is an indispensible party. As an indispensible party, the State of California must be joined where feasible. Fed. R. Civ. P. 19(a); Shermoen v. United

States, 982 F.2d 1312, 1317 (9th Cir. 1992).  However, under the Eleventh Amendment, this action cannot be brought against the State in federal court.  Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co., 429 U.S. 363, 378 (1977).  Hahn makes no attempt to dispute the cases discussed in Parks Employees' opening brief for this argument.  As such, the proper forum to adjudicate the State's and Hahn's respective fee ownership and easement rights is in State Court.  Accordingly, the claims that require an adjudication of the State's property rights, the First and Sixth claims for relief, are dismissed.  The Court hereby GRANTS Defendants' motion to dismiss Plaintiffs' First and Sixth claims for relief with prejudice.

D. Right to Travel

Plaintiffs request leave to amend their SAC to add a new theory for recovery, namely that Parks Employees violated Hahn's fundamental right to interstate travel by depriving him of the use of Coldstream Road for commercial purposes.  The Supreme Court has recognized a fundamental right to interstate travel. Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 903 (1986).  However, burdens placed on travel generally, such as gasoline taxes, or minor burdens impacting interstate travel, such as toll roads, do not constitute a violation of that right. See Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999).

Here, Hahn does not allege that Park Employees completely prevented his use of public roads or that they excluded him from certain geographical areas. Rather, Hahn's allegations are limited to his commercial operations. Hahn alleges that Park Employees asserted that Hahn's rights to use Coldstream Road "were exclusively residential in nature." SAC ¶ 53, p. 11, lines 14-19. Hahn also alleges that Park Employees asserted that he may only use the area within Donner Memorial State Park ("DMSP") for commercial purposes if he obtains a concessionaire's permit. SAC ¶ 83 at p. 2-3.

The requirement for a concessionaire's permit, however, only affects Hahn's operation of a commercial business within DMSP. It does not affect Hahn's right to travel. Here, the permit requirement for commercial operations is similar to the kind of minor burden that does not unconstitutionally impose the right to travel. See Lauran v. U.S. Forest Service, 141 Fed.Appx. 515, *520, 2005 WL 1523488 (9th Cir. 2005); see also Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055 (9th Cir. 2006). As such, the facts underlying this dispute simply do not constitute a violation of the right to travel. Accordingly, Plaintiffs' request to amend to add a new theory of recovery for a violation of Hahn's right to travel is DENIED.

E.   <u>Malicious Prosecution</u>

Plaintiffs also request that this Court grant them leave to amend the SAC to add a claim for malicious prosecution, under 42 U.S.C. Section 1983.  Plaintiffs argue that the allegations in their SAC sufficiently state a claim for malicious prosecution based on the alleged "fraud and perjury, committed during the course of and for the purpose of denying Plaintiff Hahn his fundamental right to equal protection under the law."  Pls' Opp. at 10, lines 8-10.

The essential elements of malicious prosecution are the same in criminal and civil contexts.  The malicious prosecution plaintiff must plead and prove that the prior proceeding, commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice.  <u>Ayala v. KC Envtl. Health</u>, 426 F. Supp. 2d 1070, 1083 (E.D. Cal. 2006).  To prevail, a malicious prosecution plaintiff "must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right."  <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1189 (9th Cir. 1995).

Here, Hahn fails to articulate facts that Park Employees denied him "equal protection or another specific constitutional

12

right." Hahn even concedes in his Opposition Brief that "Plaintiff [sic] have not specifically alleged that the conspiracy, fraud and perjury were conducted with the intent of depriving Plaintiff Hahn of his right to equal protection under the law." Pls' Opp. at 12, lines 4-5. Hahn's allegations in the SAC are mere speculation, and are therefore insufficient to state a claim for malicious prosecution. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This is particularly true in a suit such as this one where the government-official defendants are entitled to assert a defense of qualified immunity to free them from the burdens of litigation, including disruptive discovery. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (U.S. 2009). Accordingly, Plaintiffs' request for leave to amend to add a claim for malicious prosecution is DENIED.

## III. ORDER

For the reasons set forth above, Defendants' motion to dismiss Plaintiffs' First, Third, Fourth, and Sixth claims for relief is GRANTED WITH PREJUDICE. In addition, the Court DENIES Plaintiffs' request to file a third amended complaint.

IT IS SO ORDERED.

Dated: February 8, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE